IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARY LONGSTREET, individually and on behalf of similarly situated individuals, | § § § § | |
| Plaintiff, | § § | |
| -v- | § § | Civil Action No. 3:13-cv-01461-G ECF |
| GEORGE CRAMER, JR., JOE TILLOTSON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP, | § § § § § § § § | |
| Defendants. | § § | |

PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
AND FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Hilary Longstreet, individually and on behalf of similarly situated individuals and moves for entry of default and for default judgment. Defendants' answer was due on April 19, 2013 and has not been filed. In support, Plaintiff respectfully shows the following:

I.
SUMMARY

The Defendants in this case have defaulted. Therefore, Plaintiff requests that this Court grant the judgment prayed for in her Original Petition.[1] As stated in the Original Petition, Plaintiff prays for the following relief:

> WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:
> A.  Issuance of notice as soon as possible to all hourly employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as hourly employees during any portion of the statutory period;
> B.  Judgment against Defendants for an amount equal to Plaintiff and the class' unpaid back wages at the applicable overtime rate for each hour worked over forty;
> C.  Judgment against Defendants for an amount equal to Plaintiff and the class' unpaid back wages at the applicable regular rate for each hour worked under forty;
> D.  Judgment against Defendants that their violations of the FLSA were willful;
> E.  An equal amount to the wage damages as liquidated damages;
> F.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;
> G.  All costs incurred and reasonable attorney's fees for prosecuting these claims;
> H.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
> I.  Leave to amend to add claims under applicable state laws; and
> J.  For such further relief as the Court deems just and equitable.

(Complaint, App. 12-13.)

Because this matter was pled as a Fair Labor Standards Act ("FLSA") collective action and the Plaintiff prayed for collective relief, a default judgment must include collective relief. *See e.g. Nelson v. Almega Cable, Inc.*, 4:09-cv-349 (N.D.Tex. Feb. 5, 2010) (Means, J.) (granting collective relief in a FLSA default) (attached at App. 2-3); *Genesis Healthcare Corp. et al. v. Symczyk*, 569 U.S. ----

---

[1] This matter was removed from state court and the Original Petition is the live pleading.

(2013) (entering judgment for a single plaintiff was (unpreserved) error which mooted collective claims).

To facilitate entry of default judgment, Plaintiff has attached a proposed final judgment satisfying the specific requirements of default judgment in an FLSA case.

## II.
## EVIDENCE SUBMITTED

In support of this motion, Plaintiff submits the following evidence as exhibits:

1. Order Entering Default and Granting Class Certification and Judicial Notice, *Nelson v. Almega Cable, Inc.*, 4:09-CV-349-Y, ordered by Judge Terry Means on February 5, 2010 ("Order");

2. Plaintiff's Original Petition and Request for Disclosure – Collective Action ("Complaint");

3. Defendants' Notice of Removal ("Notice");

4. Affidavit of Justin G. Manchester ("Manchester Aff.");

5. Declaration of Hilary Longstreet ("Longstreet Dec.");

6. Paystub from Jose Alfredo Jimenez ("Jimenez Rec.");

7. Proposed Notice of Judgment.

Plaintiff has numbered the pages of the exhibits sequentially in the lower right-hand corner.

## III.
## DEFENDANTS HAVE DEFAULTED

Plaintiff is Hilary Longstreet, who brings this suit individually and on behalf of similarly situated individuals. Defendants are George Cramer, Jr., Joe Tillotson,

Plano Amigos LP d/b/a Banditos Tex-Mex Cantina, Plano Amigos GP LLC, UP Plaza Amigos LLC d/b/a Banditos Tex-Mex Cantina, Katy Trail Ice House GP LLC, and Katy Trail Ice House LP.

On March 5, 2013, Plaintiff sued Defendants for violations of the Fair Labor Standards Act in state court in Dallas County, Texas. On that day, Plaintiff filed "Plaintiff's Original Petition and Request for Disclosure – Collective Action" in the 95th Judicial District Court in Dallas, Texas. (Complaint, App. 5-15.)

On March 21, 2013, Defendants were served with a Citation and a copy of Plaintiff's Original Petition and Request for Disclosure. (See, Notice, 17-81.) Copies of the returns are contained within Defendants' Notice of Removal. (Notice, *Id.* at 41-75.)

On April 12, 2013, Defendants filed a Notice of Removal. (*Id.* at 17. [Docket No. 1]) In the notice, Defendants admitted to being served with a copy of the Original Petition by process server on March 21, 2013. (*Id.* at ¶4, App. 18.)

Fed. R. Civ. P. 81(2) provides that the Answer must be filed on the latest of (a) 21 days after receiving a copy of the initial pleading (April 13, 2013), (b) 21 days after service (April 13, 2013), or (c) seven days after removal (April 19, 2013). Therefore, the Answer deadline was Friday, April 19, 2013, which is seven days after April 12, 2013, the date of removal.

Further, Defendants are neither minors, incompetent persons, nor in military service. (Manchester Aff. at ¶¶4-6, App. 84.) Therefore, Plaintiff requests the Court or its clerk to enter default.

IV.
# PLAINTIFF IS ENTITLED TO A CLASS WIDE DEFAULT JUDGMENT THAT INCLUDES A MECHANISM TO IDETIFY AND NOTIFY CLASS MEMBERS OF THE DEFAULT JUDGMENT

A.   CLASS WIDE DEFAULT SHOULD BE GRANTED

   1.   PARTIES

On March 5, 2013, Hilary Longstreet filed this action under the FLSA on behalf of herself and other employees of the Defendant who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages.

Defendants operate a chain of restaurants in the Dallas area. (Longstreet Dec. at ¶4, App. 86.)  Specifically, the Defendants operate Banditos Tex-Mex Cantinas in Dallas, Texas and in Plano, Texas and also operate the Katy Trail Ice House in Dallas, Texas. (*Id*.)  These restaurants, while incorporated under separate entities, share common ownership and management. (*Id*. at ¶¶7, 10-11, App. 86-87.)  George Cramer, Jr. and Joe Tillotson are the owners/operators of the three restaurants. (*Id*. at ¶¶10-11, App. 87.) The restaurants also share a common bookkeeper, Gary Littlefield, who does payroll for all of these locations. (*Id*. at ¶, App. 86.)

Ms. Longstreet is an employee of the Defendants. (*Id*. at ¶¶2-3, App. 86.). Ms. Longstreet has personally worked at both the Banditos locations in Dallas and Plano. (*Id*. at ¶¶2-3, App. 86.). Mr. Jimenez is a former employee of the Defendants and worked in the Plano Banditos. (Jimenez Rec., App. 93.)  Mr. Jimenez and Ms.

Longstreet are both paid by the hour, required to sign in under multiple job classifications by the Defendants, and are not paid at an overtime rate when they work over forty hours in a single workweek unless they do so in a single job classification. (*See generally* Longstreet Decl., App. 86-91.)

  2. THE CLASS VIOLATION

Defendants regularly have employees clock in under different job titles. (*Id.* at ¶¶14-19, App. 87-88.) For example, Ms. Longstreet has the option to clock in as: (1) Day Bar, (2) Bartender, (3) Trainer, (4) Server, or (5) Hostess. (*Id.* at ¶16, App. 87.) Defendants treat each job title as if the employee were a different employee. This means that the Defendants do not aggregate the hours an employee works under different job titles for purposes of computing overtime pay.

  **Example One:** For the workweek of August 13, 2012 through August 19, 2012, Ms. Longstreet worked 14.48 hours clocked in as a "Bartender" and 39.88 hours clocked in as a "Server". (*Id.*, App. 90-91.) For this workweek, Ms. Longstreet was not paid any overtime, despite working for a total of 54.36 hours (14.36 hours of overtime). *Id.*

  **Example Two:** For the pay period of June 18, 2012 through July 1, 2012, Mr. Jimenez worked 74.32 hours clocked in as a "Prep Worker" and 57.3 hours clocked in as a "Dishwasher". (Jimenez Rec., App. 93). For this pay period Mr. Jimenez was not paid any overtime, despite working for a total of 131.45 hours (a minimum of 51.45 hours of overtime). *Id.*

This is a clear violation of the FLSA that is not personal to the Plaintiff, but due to the Defendants' bookkeeping practice.

Ms. Longstreet, Mr. Jimenez, and other putative class members are all paid an hourly rate for each hour they work. (Longstreet Dec. at ¶13, App. 87,91; Jimenez Rec., App. 93.) Ms. Longstreet, Mr. Jimenez, and other putative class members all had their pay calculated by Gary Littlefield, the Defendants' bookkeeper. (Longstreet Dec. at ¶7, App. 86.). Mr. Littlefield computes the payroll for all three of the Defendants' locations (Banditos Plano, Banditos Dallas, and the Katy Trail Ice House). *(Id.)*

  3. PLAINTIFF AND THE CLASS ARE ENTITLED TO PROCEED COLLETIVELY FOR A DEFAULT JUDGMENT

Plaintiff seeks class certification and judicial notice in this collective action lawsuit. The ability to proceed collectively reflects a specific policy choice made by Congress. Class certification stems not from a procedural rule, but rather from the language of the FLSA itself. 29 U.S.C. § 216(b). Section 216(b) states that a plaintiff may proceed on behalf of consenting "similarly situated" employees, calling this a "right of action."

A default judgment should favor a plaintiff's ability to enforce all rights granted under the statute that are properly pled. In this case, the Petition, which was originally filed in state court, is styled as "Plaintiff's Original Petition and Request for Disclosure – Collective Action." Paragraph 10 spells out that this suit is brought on behalf of Defendants' employees "who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years

worked more than forty hours in a workweek but were not paid overtime wages." (Complaint at ¶10, App. 9.) Section VII, "Prayer for Relief" specifically states that Plaintiff prays for:

> Issuance of notice as soon as possible to all hourly employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as employees during any portion of the statutory period;

(*Id.* at ¶VII(A), App. 12.) Thus, Plaintiff has properly pled a collective action and Defendants had notice of collective claims prior to their default.

The Fifth Circuit has held that district courts have broad authority to fashion a remedy consistent with § 216(b). The District Court has discretionary power to authorize judicial notice to potential class members to inform them of the action and give them an opportunity to participate by opting in. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). "Collective actions under the FLSA are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding 'common issues of law and fact arising from the same alleged. . . activity.'" *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 823 (N.D.Tex. 2007) (Fish, C.J.) (quoting *Hoffman-La Roche*, 493 U.S. at 170). Ultimately the purpose of judicial notice is to give employees accurate and timely notice concerning the pendency of the collective action so they can make an informed decision about whether to participate. *See Hoffman-La Roche*, 493 U.S. at 170.

4. **PLAINTIFF AND POTENTIAL OPT IN PLAINTIFFS ARE "SIMILARLY SITUATED" AND THEREFORE THIS CASE IS APPROPRIATE FOR COLLECTIVE RELIEF**

This case is appropriate for class relief because this action arises from a "generally applicable rule, policy, or practice." *See Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 825 (N.D.Tex. 2007) (Fish, C.J.) (citations omitted). Specifically, Defendants avoid paying overtime by breaking down hours worked by job title, instead of adding together all hours worked by a single employee. By adopting this rule, policy, or practice, Defendants avoid reaching the forty-hour overtime threshold.

Here is an example of the generally applicable rule, policy, or practice at issue:[2]

```
Hilary Longstreet, August 13, 2012 – August 26, 2012 [two weeks]
Tipped Hours [as Bartender]          28.62      2.13      $60.96
Tipped Hours [as Server]             73.89      2.13      $157.39
Tipped Overtime Hours                0          0         $0
```

Defendants avoid overtime by separating time spent in one job (Bartender) from time spent at another job (Server).[3] This is not a circumstance purely personal to the Plaintiff, rather it result from a rule, policy, or practice used by Gary Littlefield,

---

[2] This example comes from Ms. Longstreet's August 31, 2012 paycheck (Longstreet Dec., App. 90-91.)

[3] A correct payment would have looked something like this:
```
August 13, 2012 – August 26, 2012 [two weeks]
Tipped Hours [as Bartender or Server]    80.00     2.13     $170.40
Tipped Overtime Hours                    22.51     5.76     $129.66
```

Defendants' bookkeeper.  Here is an example of another employee being denied overtime in the same way because of the same practice:[4]

> Alfredo Jimenez, June 18, 2012 – July 1, 2012 [two weeks]
> Hours [as Prep Worker]              74.32         9.50         $706.04
> Hours [as Dishwasher]               57.13         9.00         $514.17

Again, Defendants avoid overtime by separating time spent in one job (Prep Worker) from time spent at another job (Dishwasher).  The violation is not specific to the Named Plaintiff, but rather the result of Mr. Littlefield's rule, policy, or practice of breaking down regular hours by job title.  "A court may deny a plaintiff's right to proceed collectively *only if* the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Ryan*, at 825 (emphasis added) (citations omitted).

This Court has previously noted that Fair Labor Standards Act ("FLSA") plaintiffs face only a "lenient burden of establishing that they are similarly situated to the potential class members." *Id*.  Given the specificity of the violation and its commonality in application to the Putative Class, this motion should easily be granted without delay.

Given the Defendants' default, Plaintiff asks that this Court conditionally certify a narrow class of Defendants' employees; limited to those who (1) were paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages.

---

[4] This example comes from Mr. Jimenez's July 9, 2012 paycheck (Jimenez Rec., App. 93.)

B.  A DEFAULT SHOULD BE ENTERED FOR THE CLASS IN THE AMOUNT OF $5,000,000.00

Plaintiff requests a monetary judgment of $5,000,000 be entered on behalf of the class. This estimate includes $2,500,000 for unpaid wages and $2,500,000 in liquidated damages.

C.  THE COURT SHOULD APPROVE THE ATTACHED NOTICE

Plaintiff's proposed Notice should be approved by the Court. (*See* Proposed Notice, App. 95-98.) As required, it is "timely, accurate, and informative." *See Hoffman-LaRoche*, 493 U.S. at 172. It makes clear that only those who were denied overtime wages during the three-year statute of limitations are eligible for the case. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency and scope of the collective action.

The Proposed Notice is particularly appropriate in the default scenario at hand. Plaintiffs will attempt to ascertain the names of class members from the Defendants voluntarily. However, if employees' names and contact information are obtained involuntarily through post judgment discovery, the screening questions will ensure that only the similarly situated join.

## V.
## CONCLUSION

For these reasons, Plaintiff asks the Court to grant this motion and render a judgment against Defendants George Cramer, Jr., Joe Tillotson, Plano Amigos LP d/b/a Banditos Tex-Mex Cantina, Plano Amigos GP LLC, UP Plaza Amigos LLC

d/b/a Banditos Tex-Mex Cantina, Katy Trail Ice House GP LLC, and Katy Trail Ice House LP, require these Defendants to produce names and last known addresses of class members within 30 days, and approved the attached proposed notice to class members. The Court should also grant such other and further relief to which Plaintiff and the putative class are justly entitled.

Respectfully submitted,

By: */s/ Robert J. Wiley*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*
Justin G. Manchester
Texas Bar No. 24070207
Jessica Cohen
Texas Bar No. 24082838

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jmanchester@robwiley.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this date, April 25, 2013, I served the foregoing on counsel of record for all Defendants via the Court's ECF Filing System.

*/s/ Robert J. Wiley*