# EXHIBIT 2

CAUSE NO. 13-02u34

| | | |
|---|---|---|
| HILARY LONGSTREET, individually and on behalf of similarly situated individuals, | § § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| -v- | § § | 95th |
| | § | ___ JUDICIAL DISTRICT |
| GEORGE CRAMER, JR., JOE TILLOSTON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP, | § § § § § § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

FILED 2013 MAR -5 AM 8:09 GARY FITZSIMMONS DISTRICT CLERK DALLAS, TEXAS DEPUTY

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE – COLLECTIVE ACTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Hilary Longstreet, individually and on behalf of similarly situated individuals, and files this, her Plaintiff's Original Petition and Request for Discolsure – Collective Action.

## I.
## SUMMARY

This is a simple failure to properly pay overtime case. Defendants run a chain of restaurants in the Dallas and Plano area (Banditos Tex-Mex Cantina and Katy Trail Ice House). These restaurants, while incorporated under separate entities, share common ownership and management. Defendants employed

Plaintiff and the putative class as employees at various locations. For the past three years, Defendants have not paid their employees overtime pay as required by the Fair Labor Standards Act.

First, Defendants have improperly segregated employees' time under different job categories in order to avoid paying overtime wages. The Defendants have their employees clock-in under different job categories (i.e., day bartender, bartender, trainer, server, hostess). The Defendants would then only pay one-and-one half an employee's regular rate when an employee worked over forty hours in a workweek in a single job code. When an employee's hours under multiple job codes exceeded forty hours in a single workweek, the Defendants would not pay the employee one-and-one half times that employee's regular hourly rate.

Second, the Defendants have improperly aggregated multiple workweeks in order to avoid paying overtime wages during one workweek. The Defendants pay employees every other week for a two-week period. The Defendants routinely aggregate this two-week period into a single 80-hour workweek instead of two, separate 40-hour workweeks. This allows the Defendant to not pay an employee's overtime wages for a workweek when that employee works less than forty hours in the other workweek. However, an employer is not allowed to aggregate workweeks in this manner.

Both of these actions constitute clear violations of the Fair Labor Standards Act, and are easily proven through employee paycheck stubs and clock in/out records. For these reasons, Plaintiff seeks, on behalf of herself and those similarly

situated, unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint because actions brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") may be maintained in State court. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, and Defendants are subject to personal jurisdiction in Texas.

## III.
## PARTIES

2. Defendant George Cramer, Jr. is an individual. Mr. Cramer is an owner/operator of both Banditos locations and the Katy Trail Ice House. Mr. Cramer is actively involved in the restaurants' operations and holds managerial responsibilities and substantial control of the terms and conditions of employees' work at these three locations. Mr. Cramer constitutes an "employer" within the meaning of 29 U.S.C. § 203(d), and a "person" under 29 U.S.C. § 203(d).

3. Defendant Joe Tilloston is an individual. Mr. Tilloston is an owner/operator of both Banditos locations and the Katy Trail Ice House. Mr. Tilloston is actively involved in the restaurants' operations and holds managerial responsibilities and substantial control of the terms and conditions of employees' work at these three locations. Mr. Tilloston constitutes an "employer" within the meaning of 29 U.S.C. § 203(d), and a "person" under 29 U.S.C. § 203(d).

4. Defendant Plano Amigos LP is a Limited Partnership. Plano Amigos LP is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

5. Defendant Plano Amigos GP LLC is a Limited Liability Company and the General Partner in Plano Amigos LP. Plano Amigos GP LLC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

6. Defendant UP Plaza Amigos, LLC is a Limited Liability Company. UP Plaza Amigos, LLC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

7. Defendant Katy Trail Ice House LP is a Limited Partnership. Katy Trail Ice House LP is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

8. Defendant Katy Trail Ice House GP, LLC is a Limited Liability Company and the General Partner in Katy Trail Ice House LP. Katy Trail Ice House GP, LLC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

9. Plaintiff, Hilary Longstreet, is a resident of Texas and works at the Plano location of Banditos Tex-Mex Cantina based out of Colin County, Texas. Ms. Longstreet has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07. Ms. Longstreet's consent form is attached as part of Exhibit A.

10. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated employees are employees of the Defendants who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages. The putative class has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

## IV.
## FACTUAL ALLEGATIONS

11. During the past three years, Defendants paid their employees, other than managers, an hourly rate for each hour they worked.

12. These non-manager positions are not exempt from the FLSA and should be compensated for appropriate overtime at a rate of one and one half the regular hourly rate.

13. However, Defendants did not compensate these non-manager employees for all the overtime wages they were owed.

A. **Defendants have failed to pay overtime by having employees work under multiple job titles without aggregating the hours.**

14. The Defendants regularly have employees clock in under different job titles.

15. For example, Ms. Longstreet has the option to clock in as: (1) Day Bar, (2) Bartender, (3) Trainer, (4) Server, and (5) Hostess.

16. Defendants treat each clock-in category as if the employee were a different employee under each category.

17. This means that the Defendant does not aggregate the hours an employee works under different job titles.

18. For example, for the workweek of August 13, 2012 through August 19, 2012, Ms. Longstreet worked 14.48 hours clocked in as a "Bartender" and 39.88 hours clocked in as a "Server".

19. For this workweek, Ms. Longstreet was not paid any overtime, despite working for a total of 54.36 hours (14.36 hours of overtime).

B. **Defendants have illegally aggregated more than one workweek in order to avoid paying overtime wages to employees.**

20. Defendants improperly average hours of two weeks within the same pay period to avoid paying overtime wages.

21. For example, Ms. Longstreet worked 54.23 hours during the June 18, 2012 through June 24, 2012 workweek and 39.68 hours during the June 25, 2012 through July 1, 2012 work week.

22. Ms. Longstreet should have therefore been paid 14.23 hours of overtime for the pay period.

23. However, Defendants averaged the two weeks together and paid Ms. Longstreet only 13.81 hours of overtime for the paid period.

24. This is improper under the FLSA because the FLSA prohibits averaging hours over two or more weeks, even for weeks falling within the same pay period.

C. Because of these violations, employees have failed to receive the overtime wages they are owed under the FLSA.

25. Defendants failed to pay its employees one-and-one-half times their regular rate of pay for each hour worked over forty in a workweek.

26. In workweeks in which a tipped employee was not paid properly under the FLSA, the Defendants have violated the tip credit laws and therefore owe that tipped employee additional damages equal to the difference between minimum wage and the actual wage paid to the tipped employee.

27. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

28. Defendants showed reckless disregard for the fact that their failure to pay their employees appropriate overtime compensation was in violation of the law.

29. In fact, Ms. Longstreet, along with others, have complained to the Defendants' bookkeeper, Gary Littlefield on multiple occasions.

30. Instead of rectifying the violations, Mr. Littlefield told Ms. Longstreet that, "I know the law, I know how it's done."

31. All conditions precedent to the filing of this suit have been satisfied.

## V.
## JURY DEMAND

32. Plaintiff, individually and on behalf of the putative class, exercises the right to a jury.

## VI.
## REQUEST FOR DISCLOSURE

33. Defendants are requested to disclose, within 50 days of service of this request, the information and material described in Rule 194.2.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

A. Issuance of notice as soon as possible to all hourly employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as hourly employees during any portion of the statutory period;

B. Judgment against Defendants for an amount equal to Plaintiff and the class' unpaid back wages at the applicable overtime rate for each hour worked over forty;

C. Judgment against Defendants for an amount equal to Plaintiff and the class' unpaid back wages at the applicable regular rate for each hour worked under forty;

D. Judgment against Defendants that their violations of the FLSA were willful;

E. An equal amount to the wage damages as liquidated damages;

F. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

G. All costs incurred and reasonable attorney's fees for prosecuting these claims;

H. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Leave to amend to add claims under applicable state laws; and

J. For such further relief as the Court deems just and equitable.

Respectfully submitted,

*signature*

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law
by the Texas Board of Legal Specialization*
Justin G. Manchester
Texas Bar No. 24070207

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
jmanchester@robwiley.com
ATTORNEYS FOR PLAINTIFF

## CONSENT FORM

I, HILARY LONGSTREET, consent to join the lawsuit/arbitration against Plano Amigos GP LLC, Plano Amigos LP, UP Plaza Amigos, LLC, Katy Trail Ice House LP, Katy Trail Ice House GP LLC, Barley Properties, LLC, Barley House Partners, L.P., and related parties for violations of the Fair Labor Standards Act. I designate the Law Office of Rob Wiley, P.C. and its attorneys to represent me in this action.

HILARY LONGSTREET  
Printed Name

[Signature]  2/25/13  
Signature              Date


Street Address


City, State, ZIP

Phone Number

Email


Emergency Contact

Emergency Contact Address


Emergency Contact Telephone

Return this form by mail or facsimile to the Law Office of Rob Wiley, P.C. at:

Justin G. Manchester  
Rob Wiley, P.C.  
1825 Market Center Blvd., Ste. 385  
Dallas Texas 75207

Phone: (214) 528-6500  
Fax: (214) 528-6511



EXHIBIT A