IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARY LONGSTREET, individually and on behalf of similarly situated individuals, | § § § § | |
| Plaintiff, | § § | |
| GEORGE CRAMER, JR., JOE TILLOTSON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP, | § § § § § § § § | CIVIL ACTION NO. 3:13-cv-01461-G |
| Defendants. | § § § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants George Cramer, Jr., Joe Tillotson, Plano Amigos LP d./b/a Banditos Tex Mex Cantina, Plano Amigos GP LLC, UP Plaza Amigos LLC d/b/a Banditos Tex-Mex Cantina, Katy Trail Ice House GP LLC, and Katy Trail Ice House LP, and Katy Trail Ice House LP, file this Answer to Plaintiff's Original Petition and Request for Disclosure (hereinafter referred to as "Complaint"):

### DEFENDANTS' ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

### I.
### SUMMARY

Defendants deny the allegations contained within the Summary of the Complaint.

## II.
## JURISDICTION AND VENUE

1. Defendants admit that this Court has original jurisdiction to hear this Complaint under the Fail Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and that venue is proper in this Court.

## III.
## PARTIES

2. Defendants admit only so much of Paragraph 2 of the Complaint that alleges that George Cramer is an individual. Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3. Defendants admit only so much of Paragraph 3 of the Complaint that alleges that Joe Tillotson is an individual. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants admit only so much of Paragraph 4 of the Complaint that alleges that Plano Amigos LP is a Limited Partnership. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

5. Defendants admit only so much of Paragraph 5 of the Complaint that alleges that Plano Amigos GP LLC is a Limited Liability Company. Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendants admit only so much of Paragraph 6 of the Complaint that alleges that UP Plaza Amigos LLC is a Limited Liability Company. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. Defendants admit only so much of Paragraph 7 of the Complaint that alleges that

Katy Trail Ice House LP is a Limited Partnership.  Defendants deny the remaining allegations of paragraph 6 of the Complaint.

8. Defendants admit only so much of Paragraph 8 of the Complaint that alleges that Katy Trail Ice House GP, LLC is a Limited Liability Company. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9. Defendants admit only so much of Paragraph 9 of the Complaint that alleges that Plaintiff is a resident of Texas and works at Banditos Tex-Mex Cantina in Plano, Texas. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10. The allegations of paragraph 10 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

## IV.
## FACTUAL ALLEGATIONS

11. Defendants admit only so much of Paragraph 11 of the Complaint that alleges that it has paid their hourly employees and hourly rate for each hour they worked.  Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12. The allegations of paragraph 12 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. The allegations of paragraph 24 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. The allegations of the first sentence of paragraph 27 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied. Defendants deny the allegations of the second sentence of paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. The allegations of paragraph 32 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

33. The allegations of paragraph 33 of the Complaint require no answer of Defendants but to the extent that they require an answer, Defendants deny those allegations.

## V.
## JURY DEMAND

34. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.    AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

1. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Fourth Affirmative Defense

4. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

### Fifth Affirmative Defense

5. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

6. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Seventh Affirmative Defense

7. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### Eight Affirmative Defense

8. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

### Ninth Affirmative Defense

9. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### Tenth Affirmative Defense

10. Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Eleventh Affirmative Defense

11. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twelfth Affirmative Defense

12. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

### Thirteenth Affirmative Defense

13. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

### Fourteenth Affirmative Defense

14. The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

### Fifteenth Affirmative Defense

15. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

### Sixteenth Affirmative Defense

16. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

### Seventeenth Affirmative Defense

17. Plaintiffs have failed to mitigate their alleged damages.

### Eighteenth Affirmative Defense

18. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Nineteenth Affirmative Defense

19. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Twentieth Affirmative Defense

20. Plaintiff has failed to exhaust administrative remedies.

### Twenty First Affirmative Defense

21. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Twenty Second Affirmative Defense

22. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### Twenty Third Affirmative Defense

23. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with

prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

Dated: April 25, 2013

Respectfully submitted,

Jeff Tillotson
State Bar No.
Alan Dabdoub
State Bar No. 24056836
LaKeisha F. Harmon
State Bar No. 24042237
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - telephone
(214) 981-3839 – telecopier

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of this *Defendants' Certificate of Interested Persons* was duly served upon Robert J. Wiley, Esq. and Justin G. Manchester, ROB WILEY, P.C., 1825 Market Center Blvd., Suite 385, Dallas, Texas 75207 via ECF, this 25th day of April, 2013.

*/s/ Alan Dabdoub*
ALAN DABDOUB