**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HILARY LONGSTREET, individually and on behalf of similarly situated individuals,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:13-cv-01461-G** |
| **GEORGE CRAMER, JR., JOE TILLOTSON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP,** | § § § § § § § § § | |
| **Defendants,** | § | |

<u>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
DUE TO LACK OF STANDING AND BRIEF IN SUPPORT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendants **Plano Amigos GP LLC**, **UP Plaza Amigos LLC** d/b/a

Banditos Tex-Mex Cantina, **Katy Trail Ice House GP LLC**, and **Katy Trail Ice House LP** (the

"**Moving Defendants**"), and file this Motion for Judgment on the Pleadings Due to Lack of

Standing and Brief in Support,[1] and in support thereof, respectfully shows the Court as follows:

**I.    ARGUMENTS AND AUTHORITIES**

**A.    Standard for Granting Judgment on the Pleadings.**

After the pleadings are closed – but early enough not to delay trial – a party may move

for judgment on the pleadings based on the failure to state a claim upon which relief may be

---

[1] Defendants Plano Amigos, LP d/b/a Banditos Tex-Mex Cantina, George Cramer, and Joe Tillotson ("Non-Moving Defendants") are not moving for judgment on the pleadings due to lack of standing at this time. The Non-Moving Defendants, however, do not waive any contention or argument that they are not employers under the FLSA, or that Plaintiff lacks standing to sue Non-Moving Defendants.

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
DUE TO LACK OF STANDING AND BRIEF IN SUPPORT**                                    **Page 1**

granted.  FED. R. CIV. P. 12(c); FED. R. CIV. P. 12(h)(2)(B).  A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A complaint is insufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  Courts are not required to accept as true legal conclusions couched as factual allegations. *Altier v. Worley Catastrophe Response, LLC*, 2011 WL 1791292, at *1 (E.D. La. May 9, 2011); *Iqbal*, 129 S.Ct. at 1949-50.  Although Plaintiff's Complaint purports to be a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), Plaintiff's Complaint is devoid of any factual assertion that she has suffered any injury caused by the Moving Defendants.  Therefore, Plaintiff has failed to establish standing to sue the Moving Defendants, and judgment on the pleadings for failure to state a claim upon which relief may be granted is proper.

**B.**     **Plaintiff Has Failed to Properly Allege Standing to Sue Any of the Moving Defendants.**

The requirement that a plaintiff have standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Davis v. FEC*, 554 U.S. 724, 733, 128 S.Ct. 2759 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560,112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Id.*; *see also*, *Lucas v. BMS Enters., Inc.*, 2010 WL 2671305, at *2 (N.D. Tex., July 1, 2010).  "Moreover, the injury must affect the plaintiff in a personal and individual way."  *Lucas*, 2010 WL 2671305, at *2.  Indeed, a plaintiff must

establish that he or she has a personal stake in the alleged dispute, and that the alleged injury suffered is particularized as to him or her. *Id.*

The standing requirement is not lessened for an individual plaintiff where the plaintiff files a class or collective action complaint. *Id*. at \*2-3. A plaintiff cannot establish standing by pointing to an injury that a defendant caused to a putative class member. *Id*. (citing *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008)). To demonstrate standing, named plaintiffs in a class or collective action must meet every element of standing as to <u>each defendant</u>, including alleging that they were injured by each defendant named in the suit. *Id*. (emphasis added). In order to establish that the plaintiff suffered an injury at the hands of the defendant in a Fair Labor Standards Act ("FLSA") case, the plaintiff must establish that the defendant is his or her employer. *See id*. at \*3, n. 8; *see also, Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012) (granting summary judgment in favor of defendants where the plaintiff failed to establish that the defendants were, in fact, the plaintiff's employer); *Altier*, 2011 WL 1791292, at \*3 (granting motion to dismiss where the plaintiff failed to plead sufficient facts to support an inference of an employment relationship with the defendant). If the plaintiff fails to plead such facts with respect to each defendant, the plaintiff has failed to allege standing. *See Lucas*, 2010 WL 2671305, at \*4.

Judge Fitzwater's analysis in *Lucas v. BMS Enters., Inc*. is particularly instructive on the issue of whether a named plaintiff in an FLSA collective action has properly alleged standing. 2010 WL 2671305, at \*2-4. In *Lucas*, the named plaintiffs brought a purported FLSA collective action against the plaintiffs' employer BMS Enterprises, as well as various related entities referred to as the "Blackmon Mooring Defendants." In ruling on the Blackmon Mooring Defendants' motion to dismiss, the court *sua sponte* raised the issue of whether the plaintiffs

properly alleged that they had standing to sue the Blackmon Mooring Defendants under the FLSA.  The court rejected all of the plaintiffs' arguments regarding standing.  In particular, the plaintiffs in *Lucas* alleged that members of the putative class were employees of the Blackmon Mooring Defendants and suffered the same injury as the named plaintiffs in an effort to establish standing.  *Id*. at *3.  The court held that the plaintiffs' allegations were insufficient to establish standing inasmuch as the named plaintiffs failed to allege (and could not allege) that they were injured by the conduct of each of the Blackmon Mooring Defendants since they themselves were not employed by the alleged related entities.  *Id*.  As a result, the court concluded that the named plaintiffs failed to state a claim upon which relief may be granted.  *Id*. at *4.

In *Lucas*, the plaintiffs also attempted to avoid dismissal by relying on the court's previous decision in A*guilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842 (N.D. Tex. Oct.7, 2004) (Fitzwater, J.) to argue that the real question is whether there is similarity in the putative class, and that the court should wait until the litigation progresses to resolve whether the defendants were joint employers.  *Id*. at *3, n.7.  The court rejected the plaintiffs' argument, noting that *Aguilar* did not suggest that named plaintiffs could maintain an FLSA claim on behalf of a class of potential opt-in plaintiffs against a defendant whom neither named plaintiff could show was <u>his</u> <u>employer</u>, nor did *Aguilar* suggest that plaintiffs may state an FLSA claim against corporate entities whom the plaintiffs can merely show will be <u>some</u> <u>class</u> <u>member's</u> employer, but not <u>their</u> employer.  *Id*.  In other words, to establish standing to sue under the FLSA, the plaintiff must plead sufficient facts to demonstrate that the defendant was <u>her</u> employer, not just <u>an</u> employer.

The plaintiffs in *Lucas* also argued that they had standing because the Blackmon Mooring Defendants, along with the plaintiffs' employers, constituted an "enterprise" within the meaning

of the FLSA. *Id*. at * 3, n.8. The court rejected this argument, stating that even if the Blackmon Mooring Defendants were part of a common enterprise, FLSA liability is predicated on the employee-employer relationship, not the involvement in a common enterprise. *Id*. Indeed, the FLSA enterprise concept is applicable only to determine whether the defendant is large enough to be subject to the FLSA. *Id*. Accordingly, an allegation that the defendant is in a common enterprise is insufficient to establish standing. *Id*.

In addition, the court addressed the issue of the corporate relationship between the entities and whether such allegations were sufficient to plead standing. *See id*. at *2-3, nn.6, 8. The court held that such allegations were insufficient. *Id*. "Mere corporate relationship between a defendant and another corporation responsible for an injury does not establish standing." *Id*. at *2, n. 6.

As demonstrated above, Plaintiff Hilary Longstreet ("Plaintiff") has standing to sue only her employer under the FLSA. The only parties that Plaintiff contends were her actual employers are Plano Amigos LP d/b/a Banditos Tex-Mex Cantina ("Plaintiff…works at the Plano location of Banditos Tex-Mex Cantina based out of Colin [sic] County, Texas"),[2] George Cramer and Joe Tillotson (based on their alleged status as owners/operators involved in the restaurant's operations). (Complaint pp. 3-5, ¶¶ 2-4 and 9). With respect to the Moving Defendants, however, Plaintiff has alleged only the following:

- Her employers and Moving Defendants allegedly have common policies that violate the FLSA (Complaint pp. 2-3);

- Each of the Moving Defendants is an "employer" within the meaning of the FLSA and they employed putative class members at various locations (Complaint pp. 1-2; p. 4, ¶¶ 5-8);

---

[2] Plaintiff specifically identifies her employer as the Banditos Tex-Mex Cantina in Plano, Texas. The only party identified in Plaintiff's Complaint as a Plano operation of Banditos Tex-Mex Cantina is Plano Amigos LP d/b/a Banditos Tex-Mex Cantina.

- Each of the Moving Defendants is an "enterprise" within the meaning of the FLSA (Complaint p.4, ¶¶ 5-8); and

- These restaurants, while incorporated under separate entitles, share common ownership and management (Complaint p. 1).

Plaintiff's allegations are insufficient to establish standing. Indeed, this side-by-side comparison

reveals that Plaintiff's allegations are virtually identical to the allegations in *Lucas*:

| Facts Alleged by Plaintiff | Facts in *Lucas* Which Were Insufficient to Properly Allege Standing |
|---|---|
| Plaintiff's employers and Moving Defendants allegedly have common policies that violate the FLSA. (Complaint pp. 2-3). | BMS Enterprises and the Blackmon Mooring Defendants maintained a common policy that forced the plaintiffs not to report time that they were in uniform and on call on behalf of their employer. *Id*. at *1. |
| Each of the Moving Defendants is an "employer" within the meaning of the FLSA, and they employed putative class members at various locations. (Complaint pp. 1-2; p. 4, ¶¶ 5-8). | The Blackmon Mooring Defendants were employers of members of the putative class. *Id*. at *3. |
| Each of the Moving Defendants is an "enterprise" within the meaning of the FLSA. (Complaint p.4, ¶¶ 5-8). | The Blackmon Mooring Defendants and the plaintiffs' employers were part of a common "enterprise." *Id*. at * 3, n.8. |
| These restaurants, while incorporated under separate entities, share common ownership and management. (Complaint p. 1). | The Blackmon Mooring Defendants apparently had a corporate relationship with the plaintiffs' employer. *See id*. at *2, nn.6, 8. |

As *Lucas* demonstrates, Plaintiff's allegations that the Moving Defendants had similar policies to

her employer that she claims violate the FLSA, employed putative class members, were part of a

common enterprise with her employer, and had a corporate relationship with her employer are

immaterial. The central issue in the standing analysis is whether Plaintiff has pled sufficient

facts to suggest that any of the Moving Defendants were her employer or caused her to suffer

any injury. Plaintiff has failed to do so, and therefore, has not properly alleged standing. These

defects appear incurable and Plaintiff should not be permitted to amend her Complaint in an

attempt to cure the pleading deficiencies. Accordingly, Plaintiff has failed to state a claim upon

which relief can be granted with respect to the Moving Defendants, and the Moving Defendants are entitled to judgment on the pleadings.

## II.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Plano Amigos GP LLC, UP Plaza Amigos LLC, Katy Trail Ice House GP LLC, and Katy Trail Ice House LP respectfully request that the Court grant this Motion for Judgment on the Pleadings Due to Lack of Standing, dismiss Plaintiff's claim against them, and grant them any further relief to which the Court deems them justly entitled.

Respectfully submitted,

**Winstead, P.C.**

By:_     /s/ Thomas E. Reddin____            _____
       **Thomas E. Reddin, Esq.**
       State Bar No. 16660950
       treddin@winstead.com
       **Marcus D. Brown, Esq.**
       State Bar No. 24050340
       mbrown@winstead.com
       500 Winstead Building
       2728 N. Harwood Street
       Dallas, Texas 75201
       (214) 745-5400 - Telephone
       (214) 745-5390 – Facsimile

       **Rob D. Ramage**
       Texas State Bar No. 0078407
       rramage@ramagelaw.com
       **RAMAGE LAW FIRM, LLC**
       12300 Ford Road, Suite 185
       Dallas, Texas 75234
       (972) 243-3800 – Telephone
       (972) 243-2097 – Fax

       **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed served via ECF on all counsel of record in this matter on this 16th day of May, 2013.

/s/ Thomas E. Reddin_____ _____
Thomas E. Reddin