IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARY LONGSTREET, individually and on behalf of similarly situated individuals, | § § § § | |
| Plaintiff | § § | |
| -v- | § § | Civil Action No. 3:13-cv-01461-G |
| GEORGE CRAMER, JR., JOE TILLOTSON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP, | § § § § § § § § | |
| Defendants. | § § | |

MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL
NOTICE AND BRIEF IN SUPPORT

Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law
by the Texas Board of Legal Specialization*
Justin G. Manchester
Texas Bar No. 24070207

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
jmanchester@robwiley.com
**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

Page

Table of Contents ............................................................ i

Table of Authorities ....................................................... ii

I.      Evidence Submitted .............................................. 3

II.     Statement of Facts .............................................. 4

        A.   The Parties .............................................. 4

        B.   Defendants have failed to pay overtime by having employees
             work under multiple job titles without aggregating the hours .. 5

        C.   Plaintiff and putative class members are all paid in the same
             manner and by the same person ................................... 6

III.    Argument ........................................................ 6

        A.   This Court should conditionally certify this action following
             the two-step approach (the *Lusardi* Approach) .......................... 8

        B.   Plaintiffs and potential Opt-in Plaintiffs are "Similarly
             Situated" for purposes of conditional certification ..................... 10

        C.   Plaintiffs' case is appropriate for judicial notice ........................ 11

             1.   The running of the statute of limitations ......................... 12

             2.   Promotion of judicial economies ......................... 13

             3.   Notice will ensure only those similarly situated join ....... 13

        D.   Plaintiffs' notice is accurate and informative .............................. 14

IV.     Conclusion .......................................................... 14

## TABLE OF AUTHORITIES

**CASES**                                                                                   **PAGE**

*Bankston v. Illinois,*
60 F.3d 1249 (7th Cir. 1995) ............................................................... 14

*Barnett v. Countrywide Credit Indus., Inc.,*
2002 WL 1023161 (N.D. Tex. May 21, 2002) ................................. 9

*Clarke v. Convergys Cust. Mgmt. Grp., Inc.,*
370 F. Supp.2d 601 (S.D. Tex. 2005) ............................................ 9

*Donohue v. Francis Services, Inc.,*
Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D.La. May 24, 2004) ........ 9

*Dybach v. State of Florida Department of Corrections*
942 F.2d 1562 (11th Cir. 1991) ....................................................... 9

*Fowler v. Land Mgmt. Groupe,*
978 F.2d 158 (4th Cir. 1992) ......................................................... 14

*Garner v. G.D. Searle Pharm.,*
802 F.Supp. 418 (M.D. Ala. 1991) ................................................. 7

*Grayson v. K Mart Corp.,*
79 F.3d 1086 (11th Cir. 1996) ....................................................... 9

*Hipp v. Liberty Nat'l Life Ins. Co.,*
252 F.3d 1208 (11th Cir. 2001) ..................................................... 7

*Hoffman-La Roche, Inc. v. Sperling,*
493 U.S. 165 (1989) .................................................................... 7-8, 11-14

*Lusardi v. Xerox Corp.,*
118 F.R.D. 351 (D.N.J. 1987) ....................................................... 8

*McLaughlin v. Richland Shoe Co.,*
486 U.S. 128 (1988) ..................................................................... 14

*Mooney v. Aramco Services Co.,*
54 F.3d 1207 (5th Cir. 1995) ........................................................ 8-9

*Redman v. U.S. West Business Resources, Inc.,*
153 F.3d 691 (8th Cir. 1998) ......................................................... 12-13

*Ryan v. Staff Care, Inc.,*
497 F.Supp.2d 820 (N.D. TX. 2007) (Fish, C. J.) .......................................... 1, 3, 6, 8-
11

*Schewd v. Gen. Elec. Co.,*
159 F.R.D. 373 (N.D.N.Y. 1995) ................................................... 13

*Tucker v. Labor Leasing, Inc.,*
872 F.Supp. 941, 947 (M.D.Fla.1994) ............................................. 9

*Whitworth v. Chiles Offshore Corporation,*
Civ. A. No. 92-1504, 1992 WL 235907 (E.D.La. Sept.2, 1992) ..................... 9

## STATUTES                                                                PAGE

29 U.S.C. § 216(b) ........................................................ 7-9, 12

29 U.S.C. § 255(a) ........................................................ 14

F.R.C.P. 20 ............................................................... 9

F.R.C.P. 23 ............................................................... 7-8, 12

F.R.C.P. 42 ............................................................... 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HILARY LONGSTREET, individually and on behalf of similarly situated individuals, | § § § § | |
| Plaintiff | § § | |
| -v- | § § | Civil Action No. 3:13-cv-01461-G |
| GEORGE CRAMER, JR., JOE TILLOTSON, PLANO AMIGOS LP d/b/a Banditos Tex-Mex Cantina, PLANO AMIGOS GP LLC, UP PLAZA AMIGOS LLC d/b/a Banditos Tex-Mex Cantina, KATY TRAIL ICE HOUSE GP LLC, and KATY TRAIL ICE HOUSE LP, | § § § § § § § § | |
| Defendants. | § | |

---

MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL
NOTICE AND BRIEF IN SUPPORT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff moves for conditional class certification because this action arises from a "generally applicable rule, policy, or practice." *See Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 825 (N.D.Tex. 2007) (Fish, C.J.) (citations omitted). Specifically, Defendants avoid paying overtime by breaking down hours worked by job title, instead of adding together all hours worked by a single employee. By adopting this rule, policy, or practice, Defendants avoid reaching the forty-hour overtime threshold.

---

Here is an example of the generally applicable rule, policy, or practice at issue:[1]

Hilary Longstreet, August 13, 2012 – August 26, 2012 [two weeks]

| | | | |
|---|---|---|---|
| Tipped Hours [as Bartender] | 28.62 | 2.13 | $60.96 |
| Tipped Hours [as Server] | 73.89 | 2.13 | $157.39 |
| Tipped Overtime Hours | 0 | 0 | $0 |

Defendants avoid overtime by separating time spent in one job (Bartender) from time spent at another job (Server).[2]  This is not a circumstance purely personal to the Plaintiff, rather it result from a rule, policy, or practice used by Gary Littlefield, Defendants' bookkeeper.   Here is an example of another employee being denied overtime in the same way because of the same practice:

Alfredo Jimenez, June 18, 2012 – July 1, 2012 [two weeks]

| | | | |
|---|---|---|---|
| Hours [as Prep Worker] | 74.32 | 9.50 | $706.04 |
| Hours [as Dishwasher] | 57.13 | 9.00 | $514.17 |

Again, Defendants avoid overtime by separating time spent in one job (Dishwasher) from time spent at another job (Prep Worker).  Jimenez Rec., App. 14.  The violation is not specific to the Named Plaintiff, but rather the result of Mr. Littlefield's rule,

---

[1] This example comes from Ms. Longstreet's August 31, 2012 paycheck.  Longstreet Rec., App 11-12.

[2] A correct payment would have looked something like this:

August 13, 2012 – August 26, 2012 [two weeks]

| | | |
|---|---|---|
| Tipped Hours [as Bartender or Server] | 80.00 | 2.13 |
| $170.40 | | |
| Tipped Overtime Hours | 22.51 | 5.76 |
| $129.66 | | |

policy, or practice of breaking down regular hours by job title. "A court may deny a plaintiff's right to proceed collectively *only if* the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Ryan*, at 825 (emphasis added) (citations omitted).

This Court has previously noted that Fair Labor Standards Act ("FLSA") plaintiffs face only a "lenient burden of establishing that they are similarly situated to the potential class members." *Id.* Given the specificity of the violation and its commonality in application to the Putative Class, this motion should easily be granted without delay.

Plaintiff asks that this Court conditionally certify a narrow class of Defendants' employees; limited to those who (1) were paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages.

## I.
## EVIDENCE SUBMITTED

In support of this motion, Plaintiff submits the following evidence as exhibits:

1.      Declaration of Hilary Longstreet ("Longstreet Decl.");

2.      Declaration of Jose Alfredo Jimenez ("Jimenez Decl.");

3.      Paystubs and time records from Hilary Longstreet ("Longstreet Rec.");

4.      Paystub from Jose Alfredo Jimenez ("Jimenez Rec.").

Plaintiffs have numbered the pages of the exhibits sequentially in the lower right-hand corner.

II.
STATEMENT OF FACTS

A.    THE PARTIES

On March 5, 2013, Hilary Longstreet filed this action under the FLSA on behalf of herself and other employees of the Defendant who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages.

Defendants own and operate a chain of restaurants in the Dallas area. Longstreet Decl., App. 2, ¶4.  Specifically, the Defendants operate a Banditos Tex-Mex Cantina in Dallas, Texas and in Plano, Texas and also operate the Katy Trail Ice House in Dallas, Texas.   *Id.*   These restaurants, while incorporated under separate entities, share common ownership and management.  *Id.*  The restaurants also share employees.  Longstreet Decl., App. 2 at ¶¶3,5-6; Jimenez Decl., App. 9, ¶¶16-17.  The restaurants also share a common accountant, Gary Littlefield, who does payroll for all of these locations.   Longstreet Decl., App. 2 at ¶7.   The restaurants also share a Food Director, Jonathan Lacy.  *Id.*  All three locations train employees together.   *Id.*, at ¶8.   George Cramer, Jr. and Joe Tillotson are the owners/operators of the three restaurants.   Longstreet Decl., App. 3 at ¶¶10-12; Jimenez Decl., App. 8-9, ¶¶14-15.

Ms. Longstreet is an employee of the Defendants.  Longstreet Decl., App. 02, ¶¶2-3.   Ms. Longstreet has personally worked at both the Banditos locations in Dallas and Plano.  *Id.*  Mr. Jimenez is another employee of the Defendants and

works in the Plano Banditos.  Jimenez Decl., App. 7, ¶2.  Mr. Jimenez and Ms. Longstreet are both paid by the hour, required to sign in under multiple job classifications by the Defendants, and are not paid at an overtime rate when they work over forty hours in a single workweek unless they do so in a single job classification.  (*See generally* Longstreet Decl. and Jimenez Decl.).

B.    FEFENDANTS HAVE FAILED TO PAY OVERTIME BY HAVING EMPLOYEES WORK UNDER MULTIPLE JOB TITLES WITHOUT AGGREGATING THE HOURS.

Defendants regularly have employees clock in under different job titles. Longstreet Decl., App. 3-4 at ¶¶14-19; Jimenez Decl., App. 7, ¶7.  For example, Ms. Longstreet has the option to clock in as: (1) Day Bar, (2) Bartender, (3) Trainer, (4) Server, and (5) Hostess.  Longstreet Decl., App. 3, ¶16.  Mr. Jimenez has the option to clock in as: (1) Prep Worker and (2) Dishwasher.  Jimenez Decl., App. 07, ¶7. Defendants treat each clock-in category as if the employee were a different employee under each category.  This means that the Defendants do not aggregate the hours an employee works under different job titles for purposes of computing overtime pay.

**Example One:**  For the workweek of August 13, 2012 through August 19, 2012, Ms. Longstreet worked 14.48 hours clocked in as a "Bartender" and 39.88 hours clocked in as a "Server".  Longstreet Rec., App. 11-12.  For this workweek, Ms. Longstreet was not paid any overtime, despite working for a total of 54.36 hours (14.36 hours of overtime).  *Id.*

**Example Two:**  For the pay period of June 18, 2012 through July 1, 2012, Mr. Jimenez worked 74.32 hours clocked in as a "Prep Worker" and 57.3

hours clocked in as a "Dishwasher". Jimenez Rec., App. 14. For this pay period Mr. Jimenez was not paid any overtime, despite working for a total of 131.45 hours (a minimum of 51.45 hours of overtime). *Id.*

These are clear violations of the FLSA that are not personal to the Plaintiff, but due to the Defendants' bookkeeping practice.

C.   PLAINTIFF AND PUTATIVE CLASS MEMBERS ARE ALL PAID IN THE SAME MANNER AND BY THE SAME PERSON.

Ms. Longstreet, Mr. Jimenez, and other putative class members are all paid an hourly rate for each hour they work. Longstreet Decl., App. 3 at ¶13; Jimenez Decl., App. 8, ¶10. Ms. Longstreet, Mr. Jimenez, and other putative class members all had their pay calculated by Gary Littlefield, the Defendants' bookkeeper. Longstreet Decl., App. 2,4 at ¶¶7,23. Mr. Littlefield computes the payroll for all three of the Defendants' locations (Banditos Plano, Banditos Dallas, and the Katy Trail Ice House). *Id.*

III.
ARGUMENT

This Court previously considered the applicable standard for FLSA class certification in *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 824 (N.D.Tex. 2007) (Fish, C.J.). Noting the test applied in this District, this Court correctly applied the applicable *Lusardi* two-stage certification standard in *Ryan* and should apply the same standard in the instant case. *Id.* ("the court adopts the two-stage approach"). There is simply no reason why class certification should not be granted without delay in the case at hand.

Plaintiffs seek conditional class certification and judicial notice in this collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all Defendants employees who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek but were not paid overtime wages.[3]  Section 216(b) provides for "similarly situated" employees to proceed collectively in pursuit of wages unlawfully withheld.  In such cases, the District Court has discretionary power to authorize judicial notice to potential class members to inform them of the action and give them an opportunity to participate by opting in.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).[4]

In *Hoffman-La Roche*, the Supreme Court identified the main benefits of a collective action under section 216(b):  "A collective action allows. . . Plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged. . . activity."  *Id.* at 170. Ultimately the purpose of judicial notice is to give employees accurate and timely notice concerning the pendency of the collective action so they can make an informed decision about whether to participate.  *Id.*

---

[3] Section 216(b) collective actions differ from Rule 23 of the Federal Rules of Civil Procedure class actions in that, under section 216(b), a person who wishes to join the collective action must affirmatively "opt-in" by filing written consent with the court. Under Rule 23, however, a person must affirmatively "opt-out" if he or she wishes to abstain from the lawsuit. 29 U.S.C. § 216(b); *See also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001); *Garner v. G.D. Searle Pharm.*, 802 F.Supp. 418, 421 (M.D. Ala. 1991).

[4] The Plaintiff in *Hoffman-La Roche* brought an age discrimination case under the Age Discrimination in Employment Act that incorporates the enforcement provisions of the Fair Labor Standards Act.  *Id.* at 67.

A.      THIS COURT SHOULD CONDITIONALLY CERTIFY THIS ACTION FOLLOWING THE TWO-
        STEP APPROACH (THE *LUSARDI* APPROACH).

This Court should follow the two-step approach to determining whether a

case should be certified outlined in *Mooney v. Aramco Services Co.*, 54 F.3d 1207,

1212 (5th Cir. 1995); *see also Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987)

(establishing this test):

> This approach satisfies the "similarly situated" requirement of § 216(b)
> with a two-stage analysis: (1) the notice stage; and (2) the certification
> stage.  *See* [*Mooney*] at 1213-14.  At the notice stage, the inquiry by the
> court is considerably less rigorous than the court's initial inquiry under
> the Rule 23 approach.  *See id.* at 1214 ("[T]his determination is made
> using a fairly lenient standard. . .").  "[T]he district court makes a
> decision-usually based only on the pleadings and affidavits which have
> been submitted-whether notice should be given to potential class
> members." *Id.* at 1213-14.  If the court allows for notification, the court
> typically creates conditional certification of a representative class and
> allows notice to be sent to the potential opt in plaintiffs.  *Id.* at 1214.
>
> At the second stage of the two-stage process, the court determines
> whether the class should be maintained through trial.  Typically, the
> second stage is precipitated by a motion to decertify by the defendant,
> which is usually not filed until discovery is largely complete.  *Id.*  By
> engaging in the two-stage approach, as opposed to the Rule 23
> approach, "the court has much more information on which to base its
> decision, and makes a factual determination on the similarly situated
> question."  *Id.*  Should the court at this stage choose to decertify the
> class, the opt-in class members are dismissed from the suit without
> prejudice and the case proceeds only for the class representatives in
> their individual capacity.  *Id.*

*Ryan*, 497 F.Supp.2d at 824.

Thus the issue before the Court is whether this case ought be conditionally

certified in the first stage of this process.  "Thus, the question before the Court is

whether, under the lenient standard of the notice stage, the Plaintiff, through their

pleadings and affidavits, have demonstrated that the named Plaintiffs are 'similarly situated' to the potential class members." *Id.*

Importantly, this is a lenient standard in which Courts should generally grant certification. *Clarke v. Convergys Cust. Mgmt. Grp., Inc.*, 370 F. Supp.2d 601, 606 (S.D. Tex. 2005). "Because little, if any, discovery has taken place, 'this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.'" *Id.* (quoting *Mooney* at 1214). A grant of conditional certification at this stage means that potential class members are given notice of the lawsuit and only become part of the suit should they choose to opt-in. *Id.* (citing *Mooney* at 1214).

The focus is on whether (1) job requirements and (2) payment provisions are similar:

> For the class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions. See *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir.1991). "The positions need not be identical, but similar." *Barnett,* 2002 WL 1023161, at *1 (quoting *Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 947 (M.D.Fla.1994)). The "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of FED. R. CIV. P. 20 and 42. See *Grayson v. K Mart Corporation,* 79 F.3d 1086, 1096 (11th Cir.), *cert. denied,* 519 U.S. 982, 117 S.Ct. 435, 136 L.Ed.2d 332 (1996). "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.,* Civ. A. No. 041-170, 2004 WL 1161366, at *1 (E.D.La. May 24, 2004) (quoting *Whitworth v. Chiles Offshore Corporation,* Civ. A. No. 92-1504, 1992 WL 235907, at *1 (E.D.La. Sept.2, 1992)).

*Ryan*, 497 F.Supp.2d at 824-25.

This case is at the initial stage, and Plaintiffs are seeking conditional certification for purposes of discovery and judicial notice.

B.     PLAINTIFFS AND POTENTIAL OPT-IN PLAINTIFFS ARE "SIMILARLY SITUATED" FOR PURPOSES OF CONDITIONAL CERTIFICATION.

In this case, Ms. Longstreet and Mr. Jimenez have presented evidence they are similarly situated to each other and other putative Plaintiffs for purposes of collective discovery and judicial notice. (*See generally* Longstreet Decl. and Jimenez Decl.). They have accomplished this through filing the attached Declarations and paystubs. The Declarations show that the putative class is similarly situated because:

- Ms. Longstreet, Mr. Jimenez, and the Putative Class are all hourly employees who worked at Defendants' restaurants. Longstreet Decl., App. 3 at ¶13; Jimenez Decl., App. 8, ¶10.

- Ms. Longstreet, Mr. Jimenez, and the Putative Class all clocked in to the same system that all of Defendant's restaurants use. Longstreet Decl., App. 3 at ¶19; Jimenez Decl., App. 7, ¶6.

- Ms. Longstreet, Mr. Jimenez, and the Putative Class all have multiple job classifications they can clock in under, which is consistent at all restaurant locations. Longstreet Decl., App. 3-4 at ¶¶14-19; Jimenez Decl., App. 7-8, ¶¶7-8.

- Ms. Longstreet, Mr. Jimenez, and the Putative Class all have their payroll calculated by the Defendants' bookkeeper, Mr. Littlefield. Longstreet Decl., App. 2,4 at ¶¶7,23.

- Ms. Longstreet, Mr. Jimenez, and the Putative Class have all worked over forty hours in a workweek when multiple job classifications for that workweek are aggregated, however Ms. Longstreet, Mr. Jimenez, and the putative class were not paid one and one half times their regular hourly rate for all hours over forty in those workweeks. Longstreet Decl., App. 4, ¶¶20-22; Jimenez Decl., App. 8, ¶¶12-13.

Clearly, given the nature of the violations and the fact that they stem from the Defendants' bookkeeper's practices, the action does not arise from circumstances purely personal to Ms. Longstreet, but from a generally applicable rule, policy or practice. Therefore, as this Court held in *Ryan*, the Plaintiff's right to proceed collectively may not be denied. *Ryan*, 497 F.Supp.2d at 824-25. As such, Plaintiff has provided, through the attached, detailed Declarations, a more than sufficient basis for this Court to conclude that she and the Putative Class are similarly situated with respect to their job duties and pay.

C.    PLAINTIFFS' CASE IS APPROPRIATE FOR JUDICIAL NOTICE.

The United States Supreme Court gave district courts the authority to manage the process of joining multiple parties, including authority to consider a motion for collective action certification. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). The Supreme Court has held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at

170.   In a case brought under § 216(b), a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties because of the potential for abuse of the class action mechanism. *Id.* at 171.   District courts "have discretion to intervene by approval and facilitation of the notice process . . . to alleviate the potential misuse of [notice] by misleading communications" and are encouraged to begin their involvement early in the litigation. *Id.* at 171-72.

Short of providing an applicable standard, the Court in *Hoffman-La Roche* established that a court-approved notice to potential plaintiffs in FLSA collective actions is proper in "appropriate cases."   *Id.* at 169-70.   The Court ruled that determining what is an "appropriate case" lies within the discretion of the district court.   *Id.*   This case is an "appropriate case" for the Court to approve the sending of a notice for several reasons.

1.   THE RUNNING OF THE STATUTE OF LIMITATIONS.

Prompt action is needed here because claims of the potential opt-in Plaintiffs in this case are being extinguished or diminished due to the running of the statute of limitations on their claims. *See Redman v. U.S. West Business Resources, Inc.,* 153 F.3d 691, 695 (8th Cir. 1998).   Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of this action.   *Id.*   As a result, the statute continues to run on each individual's claim until they file a consent form with the Court. *Id.*   The consequence of this difference is self evident: every day that passes is a day of

damages each potential opt-in Plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims. *See Schewd v. Gen. Elec. Co.,* 159 F.R.D. 373, 375 (N.D.N.Y. 1995).

      2.     PROMOTION OF JUDICIAL ECONOMIES.

Judicial notice providing the employees an opportunity to pursue their claims in one forum will create the significant judicial economies recognized in *Hoffman-La Roche*. Indeed, by including all the individuals who wish to pursue their claims in one action, the judicial system will benefit by resolution of this case as a collective action at least through the discovery phase, since identical issues of law and fact exist among all employees who were not compensated properly for their hours worked. See *Hoffman-La Roche,* 493 U.S. at 170. Such collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources. Requiring Plaintiff and opt-ins to file separate cases in multiple Federal district courts would not be an economical use of resources under the circumstances.

      3.     NOTICE WILL ENSURE ONLY THOSE SIMILARLY SITUATED JOIN.

The carefully drafted Notice proposed by Plaintiff will be sent to those on the list provided by Defendants,[5] and specifically explains that only those employees who were: (1) paid by the hour, (2) had their payroll computed by Gary Littlefield, and (3) within the past three years worked more than forty hours in a workweek

---

[5] This list will also be requested in Plaintiffs' discovery requests to Defendants.

but were not paid overtime wages may join. This will ensure that only those similarly situated will join.

D.      PLAINTIFFS' NOTICE IS ACCURATE AND INFORMATIVE.

Plaintiff's proposed Notice should be approved by the Court. As required, it is "timely, accurate, and informative." *See Hoffman-LaRoche*, 493 U.S. at 172. It is also carefully drafted to mirror notice forms approved in previous cases. In addition, it makes clear that only those who were denied overtime pay during the three-year statute[6] are eligible for the case. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency and scope of the collective action.

## IV.
## CONCLUSION

At this notice stage, the evidence far exceeds the lenient standard in showing that the proposed putative class members are "similarly situated" for purposes of collective discovery and judicial notice. As such, Plaintiff respectfully requests that this Court grant their motion for conditional class certification and judicial notice.

---

[6] In FLSA cases, plaintiffs collect damages within a two-year statute of limitations, but may collect damages incurred within a third year if the jury determines that Defendants' violation of the overtime laws were "willful." 29 U.S.C. § 255(a); *Fowler v. Land Mgmt. Groupe*, 978 F.2d 158, 163 (4th Cir. 1992); *Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). A violation of the FLSA is "willful" when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). Plaintiffs allege in their Complaint that Defendants' actions were "willful."

Respectfully submitted,


*/s/ Justin G. Manchester*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*by the Texas Board of Legal Specialization*
Justin G. Manchester
Texas Bar No. 24070207

ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
jmanchester@robwiley.com
ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF CONFERENCE

On May 17, 2013, I conferred with Tom Reddin, attorney for Defendants, and he is opposed to Plaintiff's Motion for Conditional Class Certification and Judicial Notice.

*/s/ Justin G. Manchester*


## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I served a copy of this Motion for Conditional Class Certification and Judicial Notice and Brief in Support on counsel for Defendants via the Court's CM/ECF system.

*/s/ Justin G. Manchester*